**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| YAZMIN GONZALEZ, | ) |
| | ) Case No. 4:23-cv-01094-RLW |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BURGER LAW, LLC, a Missouri Limited | ) |
| Liability Company, et al | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT BURGER LAW, LLC's ANSWER TO**
**PLAINTIFF'S AMENDED COMPLAINT, COUNTERCLAIM AND**
**CROSSCLAIM**

COMES NOW, Defendant Burger Law, LLC, by and through their undersigned counsel and for their Answer to Plaintiff's Amended Complaint, states as follows:

**INTRODUCTION**

1. Denied.

2. Denied

**JURISDICTION AND VENUE**

3. Paragraph 3 of Plaintiff's First Amended Complaint does not allege facts and instead calls for a legal conclusion; therefore, no answer or response is required.

4. Paragraph 4 of Plaintiff's First Amended Complaint does not allege facts and instead calls for a legal conclusion; therefore, no answer or response is required.

5. Defendant denies the allegations in paragraph 5 of Plaintiff's First Amended Complaint, but admits to personal jurisdiction over it in the District Court in the Eastern District of Missouri.

6. Defendant Burger Law admits that the United States District Court in the Eastern District of Missouri has jurisdiction over Consumer Legal.

7. Defendant Burger Law admits that the United States District Court in the Eastern District of Missouri has jurisdiction over Defendant Beauvil.

8. Admit.

## PARTIES AND OTHER ENTITIES

9. Denied.

10. Admit.

11. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11 and therefore denies same.

12. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 12 and therefore denies same.

## FACTUAL ALLEGATIONS

13. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 13 and therefore denies same.

14. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 14 and therefore denies same.

15. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 15 and therefore denies same.

16. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16 and therefore denies same.

17. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17 and therefore denies same.

18. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18 and therefore denies same.

19. Admit that Burger is a Law firm but lacks sufficient information to admit or deny the remaining allegations in Paragraph 18 and therefore denies same.

20. Denied.

21. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21 and therefore denies same.

22. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 22 and therefore denies same.

23. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 23 and therefore denies same.

24. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24 and therefore denies same.

25. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 25 and therefore denies same.

26. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26 and therefore denies same.

27. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 27 and therefore denies same.

28. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 28 and therefore denies same.

29. Denied. Plaintiff called these numbers first, asked to be represented in a Camp Lejeune claim for her father, made up a false story about her father, and called back these entities and participated in the calls to try to make the instant claim. See Doc. 23-1 and 29-1 for more information.

30. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 30 and therefore denies same.

31. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 31 and therefore denies same.

32. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies same.

33. Denied.

34. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 34 and therefore denies same.

35. Denied.

36. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 36 and therefore denies same.

37. Denied.

38. Denied.

39. Admit.

40. Denied.

41. Denied.

42. Denied.

43. Defendant admits we represent one Texas resident and denies the remaining allegations.

44. Denied.

## VICARIOUS LIABILITY OF BURGER FOR CONSUMER LEGALS' TCPA VIOLATIONS

45. Denied.

46. Burger Law admits it marketed legal representation through an entity called Zero Risk, which acted through Consumer Legal, and had a contract to do so. Burger Law denies the remaining allegations in paragraph 46.

47. Burger Law admits it provided some instructions about qualifying potential customers, but denies the remaining allegations in paragraph 47.

48. Burger Law admits it set criteria for qualifying leads, including where and when (they or their parent or relative) was stationed at Camp Lejeune and what type of illness they had, including cancer, but deny the remaining allegations in paragraph 48.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

**INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES TO PLAINTIFF**

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**PERSONAL LIABLITY OF DEFENDANT BEAUVIL**

57. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 57 and therefore denies same.

58. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 58 and therefore denies same.

59. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 59 and therefore denies same.

60. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 60 and therefore denies same.

61. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 61 and therefore denies same.

62. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 62 and therefore denies same.

63. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 63 and therefore denies same.

65. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 64 and therefore denies same.

66. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 66 and therefore denies same.

### COUNT I – DNC Violations
### Violation of the TCPA, 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)
### (Against All Defendants)

67. Defendant adopts and incorporates by reference its responses to the incorporated allegations.

68. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 68 and therefore denies same.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

6

## COUNT II
## Violation of Tex. Bus. Org & Com. Code § 302.101
## (Against All Defendants)

73. Defendant adopts and incorporates by reference its responses to the incorporated allegations.

74. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 74 and therefore denies same.

75. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 75 and therefore denies same.

76. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 76 and therefore denies same.

77. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 77 and therefore denies same.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

## DEFENDANT'S AFFIRMATIVE DEFENSES

1.  For further answer and as an affirmative defense, Defendant Burger Law, LLC states that Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

2.  For further answer and as an affirmative defense, Plaintiff Yazmin Gonzalez ("Plaintiff") has sued Defendant Burger Law claiming that it is responsible for alleged telemarketing calls made by a third party, Consumer Legal Request ("CLR"), which Plaintiff alleges violated the Telephone Consumer Protection Act ("TCPA"), and Texas Business and Commerce Code ("TBCC"). Plaintiff does not allege Burger Law actually made any of the calls that form the basis of Plaintiff's claims, and it did not.

3.  For further answer and as an affirmative defense, Plaintiff theorizes Burger Law is vicariously liable for CLR's alleged telemarketing calls, because CLR was acting as Burger Law's agent in making the calls.

4.  For further answer and as an affirmative defense, Plaintiff's theory of liability is based entirely upon sweeping, conclusory allegations, which are not entitled to be credited by the Court in determining whether Plaintiff has met her burden to establish personal jurisdiction.

5.  For further answer and as an affirmative defense, Plaintiff's conclusory allegations are directly contradicted by the Declaration of Burger Law's Gary K. Burger, Jr. ("Burger Declaration") Doc. 29-1, which establishes Burger Law never contracted with or authorized CLR to make any unsolicited outgoing calls on its behalf, and had no knowledge of the calls Plaintiff alleges CLR made in violation of the law before being served with this suit. The conclusory allegations are also contrary to the declaration of a call center which shows that Plaintiff first contacted the call center (which is yet not

served in this case). See Doc. 23.

6. For further answer and as an affirmative defense, Plaintiff's First Amended Complaint still fails to plausibly plead through non-conclusory allegations Burger Law is vicariously liability for CLR's alleged calls. Accordingly, the allegations of Plaintiff's First Amended Complaint are also insufficient to overcome dismissal under Fed. R. Civ. P. 12(b)(6).

7. For further answer and as an affirmative defense, on information and belief, Plaintiff actually contacted CLR first and advised them of a false story that her father was at Camp LeJeune and had cancer from his exposure there. All calls from CLR thereafter were responding to Plaintiff contacting them.

8. For further answer and as an affirmative defense, Plaintiff does not allege a sufficient claim against Burger Law on which relief may be granted – Plaintiff does not allege Burger Law made any calls to Plaintiff, or she ever interacted with anyone at Burger Law. Rather, Plaintiff claims Burger Law is "vicariously liable" for CLR's alleged violations of the law based upon a series of conclusory allegations, such as Burger Law gave "actual authority" to CLR or ratified CLR's actions by, *inter alia*, getting "live-transferred" from CLR; and that the calls "constitute[d] a singular, coordinated marketing effort devised, authorized, directed, and controlled by Burger, the principal, with Consumer Legal acting as Burger's agent."

9. For further answer and as an affirmative defense, Burger mandated that all ZeroRisk's efforts complied with state, local and all other applicable rules of ethics and codes of professional conduct, including Missouri Rules 4-7.1, 7.2 and 7.3 (which mirror ABA model rules).

9

10. For further answer and as an affirmative defense, Burger Law states that CLR did not have the apparent authority to act on behalf of Burger Law but ZeroRisk did.

11. For further answer and as an affirmative defense, Plaintiff does not point to any acts or omissions on the part of Burger Law that would have led Plaintiff to believe CLR was Burger Law's authorized agent.

12. For further answer and as an affirmative defense, Burger Law never had any direct interactions with Plaintiff. Plaintiff must establish Burger Law "acted to create the appearance of an agency relationship." She has failed to do so.

13. For further answer and as an affirmative defense, Plaintiff cannot establish vicarious liability under a theory of ratification. Burger Law had no knowledge of CLR's calls. Indeed, until this lawsuit was filed, Burger Law had never received any complaints relating to telephone solicitations made by any third parties, including CLR, allegedly on Burger Law's behalf. No such knowledge exists on the part of Burger Law here.

14. For further answer and as an affirmative defense, Plaintiff's First Amended Complaint fails to establish Burger Law may be held vicariously liable for CLR's calls.

15. For further answer and as an affirmative defense, Plaintiff should be barred from recovery against or, in the alternative, the recovery against Defendant should be reduced due to the contributory or comparative negligence fault, or other culpable conduct of Plaintiff or some other party over whom Defendant lacked control or the right to control, and Defendant hereby requests a percentage allocation of the same pursuant to the statute and caselaw of this state, including § 537.765 R.S.Mo.

16. If Plaintiff sustained any damages, which Defendant specifically denies, the same were caused or contributed to be caused by intervening acts and/or superseding negligence on the part of a person(s) or entity over whom Defendant neither had control nor right of control, including, but not limited to, Plaintiff.

17. If Plaintiff sustained any damages, which Defendant affirmatively denies, then Plaintiff was aware of and appreciate all risks of danger associated with the activities in which Plaintiff was allegedly engaged, and, therefore, voluntarily, and knowingly assumed those risks by calling back, providing false stories, and calling in the first instance. Consequently, any damages which may be found to have been sustained should be barred or reduced to reflect Plaintiff's proportionate share of fault.

18. If Plaintiff sustained any damages, which Defendant specifically denies, it is because Plaintiffs willingly, knowingly, and voluntarily assumed the risk that resulted in any or all of Plaintiff's damages so as to diminish and/or deny entirely the recovery by Plaintiff against Defendant.

19. ZeroRisk, doing business as CLR, is responsible for the allegations made by Plaintiff and has agreed to indemnify and hold Burger Law harmless in this matter.

20. For further answer and affirmative defense, Defendant has established and implemented, with due care, reasonable practices, and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection"

21. For further answer and affirmative defense, this Defendant is not liable, whether vicariously, or otherwise, for the actions of another entity of which this Defendant had no control or authority.

22. For further answer and affirmative defense, Defendant states that Plaintiff failed to mitigate his damages and that such failure to mitigate damages should either

bar Plaintiff's recovery or otherwise reduce comparatively Plaintiff's claim of negligence against this Defendant.

WHEREFORE, having fully answered, defendant Burger Law, LLC requests this case be dismissed, with prejudice, and for any further just and proper relief.

## **COUNTERCLAIM**

COMES NOW, Burger Law, LLC, and states the following for its Counterclaim against Yazmin Gonzales:

1. Counter-Plaintiff adopts and incorporates the Affirmative defenses above as though fully set forth herein.

2. On information and belief, ZeroRisk is a legal lead generation company with its main office located in Allentown, PA. ZeroRisk does business as Consumer Legal Request.

3. ZeroRisk had a contract with Burger Law, LLC to market legal representation for Camp Lejeune victims who initiated communication with ZeroRisk in response to ZeroRisk's marketing efforts and connections to veterans' groups.

4. On information and belief, all ZeroRisk's efforts complied with state, local and all other applicable rules of ethics and codes of professional conduct, including Missouri Rules 4-7.1, 7.2 and 7.3 (which mirror ABA model rules).

5. On information and belief, ZeroRisk received a missed call and voicemail from Counter-Defendant Yazmin Gonzalez on March 6, 2023 at 2:58 p.m.

6. On information and belief, a ZeroRisk specialist returned Counter-Defendant Gonzalez's (who presented herself as Ms. Yazmin Soto) missed call and voicemail on March 6, 2023 at 3:01 p.m. but was unsuccessful in reaching her on the phone.

7.     On information and belief, Counter-Defendant Gonzalez contacted ZeroRisk on March 14, 2023 at 2:22 p.m. – that call was answered by a ZeroRisk specialist, but Counter-Defendant Gonzalez did not respond on the call.

8.     On information and belief, on March 20, 2023, Counter-Defendant Gonzalez was transferred by a receptionist and spoke to a ZeroRisk specialist. During that call Counter-Defendant Gonzalez was asked if ZeroRisk had permission to transfer the call. During the March 20, 2023 call, Counter-Defendant Gonzalez falsely stated that her dad was stationed at Camp Lejeune and had liver cancer. Counter-Defendant Gonzalez was asked if she would like to file a claim and provided her email address for claim documents to be sent.

9.     On information and belief, shortly thereafter, a ZeroRisk specialist contacted Counter-Defendant Gonzalez to ensure that she received the email containing the claim documents.

10.    On information and belief, on April 3, 2023 at 12:06 p.m. ZeroRisk received another call from Counter-Defendant Gonzalez, but the lines were busy and she was unable to speak with a ZeroRisk specialist.

11.    At no time did ZeroRisk or Burger Law initiate contact to Counter-Defendant Gonzalez unsolicited.

12.    Counter-Defendant Gonzalez has made material misrepresentations to the court in this matter – namely that she first initiated contact with Zero Risk/Consumer Legal Request and that when talking with Zero Risk/Consumer Legal Request she falsely represented that she and her father had a Camp LeJeune claim.

13.    Because of this fraud and fraudulent misrepresentation, Counter-Plaintiff Burger Law has been damaged.

14. Counter-Defendant Gonzalez allegations against Burger Law were published in her Complaint and Amended Complaint. The statements against Burger Law are defamatory.

15. Counter-Defendant Gonzalez allegations against Burger Law are false.

16. Burger Law's reputation has been damaged.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment for Counter-Plaintiff Burger Law against Counter-Defendant Yazmin Gonzales, and for any further just and proper relief.

## CROSSCLAIM

COMES NOW, Burger Law, LLC, and states the following for its Crossclaim against Cross-Defendant Consumer Legal Request and Cross-Defendant Raquel Beauvil:

1. Plaintiff adopts and incorporates paragraphs two through four of the Crossclaim and the affirmative defenses above as though as though fully set forth herein.

2. Consumer Legal Request did not have the apparent authority to act on behalf of Burger Law but ZeroRisk did.

3. Any allegations of violation of any law or inappropriate conduct made by Plaintiff/Counter-Defendant were done by agents and employees of Cross-Defendant Consumer Legal Request and Cross-Defendant Raquel Beauvil.

4. As such, Cross-Defendant Consumer Legal Request and Cross-Defendant Raquel Beauvil are responsible for any damages owed to Plaintiff/Counter-Defendant Gonzalez, and not Burger Law.

5. Cross-Defendant Consumer Legal Request and Cross-Defendant Raquel Beauvil have agreed to indemnify and hold harmless Burger Law and Gary Burger in

14

this matter. Cross-Defendant Consumer Legal Request and Cross-Defendant Raquel Beauvil have agreed to pay any attorneys fees and time spent defending this action.

6.      Cross-Plaintiff Burger Law requests an order and judgment mandating Cross-Defendant Consumer Legal Request and Cross-Defendant Raquel Beauvil be responsible for all damages to Plaintiff/Counter-Defendant Gonzalez in this case, and to indemnify and hold harmless Burger Law and Gary Burger from any judgment from Plaintiff/Counter-Defendant Gonzalez in this case.

WHEREFORE, Plaintiff respectfully requests the Court enter Judgment for Cross-Plaintiff Burger Law against Cross-Defendant Consumer Legal Request d/b/a ZeroRisk and Cross-Defendant Raquel Beauvil, Order that Cross-Defendant Consumer Legal Request and Cross-Defendant Raquel Beauvil are responsible for all damages to Plaintiff/Counter-Defendant Gonzalez in this case, Order that Cross-Defendant Consumer Legal Request and Cross-Defendant Raquel Beauvil must indemnify and hold harmless Burger Law and Gary Burger from any judgment from Plaintiff/Counter-Defendant Gonzalez in this case, and for any further just and proper relief.

BURGER LAW, LLC

*/s/ Gary K Burger*
Gary K. Burger, Jr., #43478
500 N. Broadway, Suite 1860
St. Louis, MO 63102
(314) 542-2222
(314) 542-2229
gary@burgerlaw.com
***Attorneys for Burger Law***

15

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on _____, 2023 a true and correct copy of the following were served upon all parties and/or counsel of record pursuant to the Federal Rules of Civil Procedure as reflected below:

Yazmin Gonzales
14205 Charles Pollock
El Paso, Texas 79938
*Pro Se Plaintiff*

                                                By: <u>*/s/ Gary K. Burger*</u>
                                                     Gary K. Burger
                                                     *Attorney Burger Law*