**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| YAZMIN GONZALEZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-CV-1094 RLW |
| ) | |
| BURGER LAW, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Burger Law, LLC's ("Burger Law") Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction or, in the Alternative, for Failure to State a Claim. (ECF No. 29). The motion is ripe for review. For the reasons that follow, the Court denies as moot Defendant Burger Law's motion to dismiss for lack of personal jurisdiction and denies its motion to dismiss for failure to state a claim.

*I. Background*

Plaintiff Yazmin Gonzalez, who is proceeding in this matter pro se without the assistance of counsel, originally filed suit in the United States District Court for the Western District of Texas. In her First Amended Complaint, Plaintiff brings claims against Defendants Burger Law, Tanpri Media & Arts Inc., a/k/a Consumer Legal Request ("Consumer Legal"), and Elizabeth Beauvil for violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227 et seq., and the Texas Business and Commerce Code ("TBCC"), §§ 302.001, et seq. Plaintiff alleges that she received a barrage of illegal telemarketing calls made on behalf of Burger Law by Consumer Legal soliciting Camp Lejeune legal representation. Plaintiff, who is a citizen of Texas, further

alleges she registered her telephone number on the National Do-Not-Call Registry, but despite this fact, Defendants made unsolicited telephone calls to her residential telephone line without her consent.  Plaintiff alleges, among other things, that Burger Law hired Consumer Legal to make calls on its behalf, and Burger Law is vicariously liable for the calls Consumer Legal made under the principles of agency laws.

While the case was pending in the Western District of Texas, Defendant Burger Law filed its Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction or, in the Alternative, for Failure to State a Claim.  Burger Law argues in its Motion that it is not at "home" in Texas, and the First Amended Complaint fails to allege sufficient facts to establish either general or specific personal jurisdiction over Burger Law in Texas.  Alternatively, Defendant Burger Law argues the First Amended Complaint fails to allege sufficient facts such that it can be held vicariously liable for Consumer Legal's conduct.

Plaintiff responded to Burger Law's Motion writing, "[t]his dispute is easily resolved by a transfer of this Complaint to the Eastern District of Missouri. Therefore, in the interest of the fair equitable prosecution of this Complaint, Plaintiff respectfully requests this Court transfer this Complaint to the Eastern District of Missouri."  (ECF No. 32).  The Honorable Kathleen Cardone did not take up Burger Law's Motion to Dismiss on the merits and instead transferred the cause of action to the United States District Court for the Eastern District of Missouri, where Burger Law is "both incorporated and headquartered."  (ECF No. 34).

As this case is no longer pending in Texas, Defendant Burger Law's Motion to Dismiss for Lack of Personal Jurisdiction is denied as moot. The Court will now turn to Burger Law's Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).

## II. Legal Standard

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "where the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Blomker v. Jewell, 831 F.3d 1051, 1055 (8th Cir. 2016) (quotation omitted).  The facts alleged must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.  A complaint must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" to state a plausible claim for relief.  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  Id. at 555–56; Fed. R. Civ. P. 8 (a)(2). The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions, however. Iqbal, 556 U.S. at 678 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations.  Id.

## III.    Discussion

In her First Amended Complaint, Plaintiff does not allege that Defendant Burger directly made any phone calls to her phone, rather she alleges Burger Law is vicariously liable for the calls Consumer Legal made.  In its Motion, Burger Law argues Plaintiff's allegations as to vicarious

3

liability are conclusory and insufficient to state a claim against it. Citing to cases from Texas courts and from United States Court of Appeals for the Fifth Circuit, Defendant Burger Law argues Plaintiff's allegations are insufficient to establish vicarious liability under the theories of agency, apparent authority, and ratification. Burger Law also argues Plaintiff does not allege Consumer Legal was acting at the directive or on behalf of Burger Law or that she was transferred to Burger Law during the phone calls. Finally, Burger Law argues Plaintiff's allegations are untrue, and it submitted the declaration of Gary K. Burger, which contains many assertions of fact that contradict Plaintiff's allegations.

### A. Allegations in the First Amended Complaint

Burger Law is a law firm that focuses on personal injury claims. It is based in St. Louis, Missouri, but has clients in other states. The First Amended Complaint alleges the firm markets itself as "leading efforts to get justice for water contamination victims at Camp Lejeune." (ECF No. 27 at 5). Plaintiff alleges that she received unsolicited calls from Consumer Law made on Burger Law's behalf to market legal representation for a Camp Lejuene claim.

In no uncertain terms, Plaintiff alleges Consumer Law is an agent of Burger Law. More specifically, she alleges Burger Law hired Consumer Legal and directed it to place telephone solicitation phone calls to potential clients on its behalf. (ECF No. 27 at 5). Plaintiff also alleges Burger Law set criteria for qualifying leads, and Consumer Legal then transferred "live, hot leads" to Burger Law, and Burger Law accepted those leads. (ECF No. 27 at 5). She further alleges there is a contract between Burger Law and Consumer Legal, and Consumer Legal was acting as Burger Law's agent when it made the prohibited calls. "Consumer Legal, acting with actual authority, made the prohibited calls, qualified Plaintiff according to Burger[ Law]'s criteria, and then live-

transferred Plaintiff to Burger[ Law]'s advisor to continue marketing legal representation." (ECF No. 27 at 10).

### B. Materials Outside the Pleadings

As an initial matter, when ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiff.  Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir. 2003).  Mr. Burger's declaration, which was attached to Burger Law's Motion, sets forth facts in an attempt to counter the allegations made in the First Amended Complaint and, therefore, it falls squarely within the definition of matters outside the pleadings. Gorog v. Best Buy Co., 760 F.3d 787, 791 (8th Cir. 2014).  Under Fed. R. Civ. P. 12(d), the Court may not consider "matters outside the pleadings" without first converting the Rule 12(b)(6) motion into one for summary judgment under Fed. R. Civ. P. 56.  Considering this litigation is in its initial stages, and as Burger Law has not moved for the entry of summary judgment, the Court will not convert the Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d). Accordingly, the Court will not consider Mr. Burger's declaration in deciding Burger Law's Motion to Dismiss for Failure to State a Claim.

### C. Vicarious Liability

Turning to the merits of the motion, the U.S. Supreme Court has recognized there is vicarious liability for TCPA violations under "federal common-law principles of agency." See Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 168 (2016), as revised (Feb. 9, 2016). See also Golan v. FreeEats.com, Inc., 930 F.3d 950, 961 (8th Cir. 2019) (allowing instruction for vicarious liability under the TCPA).  "[A] defendant may be held vicariously liable for TCPA violations where the plaintiff establishes an agency relationship, as defined by federal common law, between

the defendant and a third-party caller." Gomez v. Campbell-Ewald Co., 768 F.3d 871, 877–79 (9th Cir. 2014), aff'd, 577 U.S. 153 (2016).

"Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." Restatement (Third) Of Agency § 1.01 (2006). See also S. Pac. Transp. Co. v. Cont'l Shippers Ass'n, Inc., 642 F.2d 236, 238 (8th Cir. 1981) ("Agency is a legal concept that depends upon the existence of certain factual elements: (1) the manifestation by the principal that the agent shall act for him; (2) the agent's acceptance of the undertaking; and (3) the understanding of the parties that the principal is to be in control of the undertaking").  A plaintiff can establish vicarious liability through a formal agency relationship, such as a contract. Gunn v. Prospects DM, LLC, No. 4:19-CV-3129 HEA, 2020 WL 2104714, at *2 (E.D. Mo. May 1, 2020).  In addition, a plaintiff can employ agency principles of apparent authority or ratification. Id.; Gould v. Farmers Ins. Exch., 288 F. Supp. 3d 963, 970 (E.D. Mo. 2018) (finding plaintiff plausibly stated claim of vicarious liability under TCPA based on theories of apparent authority and ratification).

In moving for dismissal, Burger Law makes a number of assertions regarding Plaintiff's allegations that are not supported by the record.  Contrary to Burger Law's assertion, Plaintiff does allege Burger Law directed Consumer Legal to make solicitation calls on its behalf.  Plaintiff alleges there is a formal agency relationship between Burger Law and Consumer Legal, including a contract that governs Consumer Legal's telemarketing for Burger Law.  She alleges that Burger Law controls a telemarketing scheme whereby Burger Law sets the criteria for leads, and Consumer Legal makes solicitation calls to potential clients on Burger Law's behalf.  Plaintiff alleges she received more than one solicitation call on behalf of Burger Law, and during at least

6

one call, she was transferred by Consumer Legal to Burger Law, and Burger Law continued to market to her legal representation.  In sum, the Court finds Plaintiff has alleged sufficient facts to support a reasonable inference that there was a formal agency relationship between Burger Law and Consumer Legal, or alternatively, that there was apparent authority and ratification, such that Burger Law may be held vicariously liable for Consumer Legal's phone calls to Plaintiff.  Prosser v. USHealth Advisors, LLC, No. 4:23-CV-124-MTS, 2023 WL 5093872, at *2 (E.D. Mo. Aug. 9, 2023); Gould, 288 F. Supp. 3d at 970.  Burger Law's Motion to Dismiss for Failure to State a Claim is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Burger Law, LLC's Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Personal Jurisdiction or, in the Alternative, for Failure to State a Claim is **DENIED as moot in part and DENIED on the merits in part.** Defendant Burger Law, LLC's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) is **DENIED as moot.**  Defendant Burger Law, LLC's alternative Motion to Dismiss for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6) is **DENIED.**  [ECF No. 29]

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this  8th  day of March, 2024.